IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAVID LEE TIDWELL                                                                          PETITIONER
ADC #141699

v.                        Case No. 5:14-cv-00290 DPM-JTK

WENDY KELLEY,[1] *Director*,
Arkansas Department of Correction                             RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States

---

[1] Wendy Kelley replaced Ray Hobbs as Director of the Arkansas Department of Correction. Under Federal Rule of Civil Procedure 25(d), Wendy Kelley is automatically substituted as Respondent in this matter.

District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

**Introduction**

David Lee Tidwell, an Arkansas Department of Correction (ADC) inmate, brings this 28 U.S.C. § 2254 petition for a writ of habeas corpus (Doc. 1).[2] Petitioner does not attack

---

[2] Petitioner incorrectly asserts that this petition is properly brought pursuant to 28 U.S.C. § 2241. Where a habeas petitioner is in custody pursuant to a state-court judgment (as Petitioner is), he "can only obtain habeas relief through § 2254, no matter how his pleadings are styled." *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001). The petition has, therefore, been construed as being brought pursuant to § 2254.

his underlying criminal conviction or sentence, but he instead challenges a prison disciplinary decision. Respondent filed a response and supporting exhibits (Docs. 11, 12). For the reasons that follow, the petition must be dismissed.

## Background

In February 2014, Petitioner was housed in the ADC's Delta Regional Unit. On February 14, 2014, he received a major disciplinary that charged him with violation of ADC Rule 12-1 (failure to obey verbal and/or written orders of staff) and Rule 17-2 (any rule violation set forth that is found to be related to recruitment or participation in a security threat group, or is motivated by racial, religious, or gender discrimination, may result in the loss of all good time). According to the charge and supporting documentation, ADC staff found Petitioner in possession of gang affiliated (new aryan empire) papers that contained information of "whooping staff" (Doc. 1, p. 6).

At a disciplinary hearing on February 21, 2014, Petitioner said he had only been at the unit for twenty-four (24) hours, had never had a disciplinary in six (6) years, and that the papers were a rough draft for a therapeutic journal that was not anti-government or police. The hearing officer found Petitioner guilty of violating Rules 12-1 and 17-2. As punishment, Petitioner received sixty (60) days of suspended commissary, phone, and visitation privileges, and he was reduced from Class IC to Class IV and ordered to thirty (30) days punitive isolation days (Doc. 1, pp. 7-8). Petitioner appealed to the warden, then to the

disciplinary hearing administrator, then to the ADC Director (Doc. 1, pp. 9-15). On April 24, 2014, the disciplinary decision was modified by the disciplinary hearing administrator to include reduction to Class IV, thirty (30) days punitive isolation, sixty (60) days loss of commissary privileges, and 120 days loss of phone and visitation privileges (Doc. 1, p. 11). The disciplinary hearing administration again modified the decision on May 30, 2014, to include

Class reduction from Class IC to Class IV for ninety (90) days, thirty (30) days punitive isolation, and sixty (60) days loss of good time (Doc. 1, p. 15).

## Discussion

In this federal habeas action, Petitioner alleges that he did not possess gang-related literature, that he did not threaten prison staff, and that his hearing process was unfair. Petitioner also asserts that prison staff failed to abide by the rules set out in the inmate disciplinary manual. Liberally construing Petitioner's pro se habeas petition, the Court reads this action to include due process claims. *See Petty v. Card*, 195 F.3d 399, 400 (8th Cir. 1999) (pro se habeas petitioner entitled to liberal construction and supplemental pleadings).

Respondent argues for dismissal on four alternative grounds: (1) lack of subject matter jurisdiction because the petition does not demonstrate that the disciplinary action affected the fact or duration of confinement, (2) procedural default because it does not appear that Petitioner appealed his disciplinary sanctions to an Arkansas circuit court and then to the appellate court under the Arkansas Administrative Procedure Act, (3) on the merits because

the action does not implicate a constitutionally-protected liberty interest, and (4) on the merits because the disciplinary hearing process afforded Petitioner the requisite procedural protections.  The Court finds dismissal on the merits is more efficient in this instance.  See 28 U.S.C. § 2254(b) (2) (habeas application "may be denied on the merits, notwithstanding failure of applicant to exhaust the remedies available in the courts of the State.").

"Federal law opens two main avenues to relief on complaints related to imprisonment:" a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a civil rights complaint pursuant to 42 U.S.C. § 1983.  *Muhammad v. Close*, 540 U.S. 749, 750 (2004).  The essence of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function fo the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Habeas is thus the exclusive remedy when an attack "goes directly to the constitutionality of [a prisoner's] physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration."  *Id.* at 489.  Where the length of an inmate's confinement is affected by the loss of good-time credits as a result of an adverse prison disciplinary decision, federal habeas is the exclusive federal forum for claims challenging those disciplinary decisions.  *Portley-el v. Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002).

Petitioner's claim that staff failed to abide by the rules set out in the inmate disciplinary manual does not amount to a cognizable federal claim.  A federal court may issue a writ of habeas corpus only for a violation of the Constitution, laws or treaties of the United States. 28 U.S.C. §§ 2241, 2254.  There is no federal constitutional interest in having

state officers follow state law or prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Therefore, this claim is incognizable. Regardless of whether any ADC rules or regulations have been violated, this Court is limited to determining whether a federal violation has occurred.

The Fourteenth Amendment to the United States Constitution, extending the due process protections of the Fifth Amendment, provides in part that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. Amend. XIV, § 1. As stated, the disciplinary sanctions imposed on Petitioner were class reduction, isolation, restricted privileges, and loss of good time. Adjustments in classification status, placement in punitive isolation for relatively short intervals, and the temporary suspension of privileges, do not constitute the type of "atypical and significant" hardships that would trigger the protection of the due process clause. *See Sandlin v. Conner*, 515 U.S. 472, 485-86 (thirty days in disciplinary segregation); *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (nine months in administrative segregation); *Sanders v. Norris*, 153 Fed. App'x 403, 404 (8th Cir. 2005) (reduction in class status and thirty days in punitive isolation); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (thirty-seven days in isolation and restricted privileges); *Kennedy v. Blakenship*, 100 F.3d 640, 642-43 & n. 2 (8th Cir. 1996) (thirty days in punitive isolation and restricted telephone and other privileges).

Depriving an inmate of good time credits as discipline for violating a prison rule, however, implicates a liberty interest that is protected by the due process clause. *See Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974). Due process only requires that the record

contain "some evidence" to support a disciplinary decision that results in the loss of good-time credits. *Superintendent v. Hill*, 472 U.S. 445, 454-56 (1985).[3]  Prison officials can permissibly rely solely on violation reports to find inmates guilty of disciplinary infractions. *Id*. at 456.  Applying this standard to the facts, the Court concludes that the record contains "some evidence" to support the hearing officer's findings that Petitioner violated rules 12-1 and 17-2.  Further, Petitioner's Status Assignment Sheet does not implicate that he ever lost good time for this disciplinary (Doc. 12, pp. 7-9).

Moreover, in a prison disciplinary proceeding, which may result in the loss of good-time credits, an inmate must receive the following minimum procedural due process protections:  (1) written notice of the disciplinary charges at least twenty-four hours before the hearing; (2) an opportunity to call witnesses and present a defense; and (3) a written statement from an impartial decision-maker identifying the evidence relied upon and the reason for the disciplinary action.  *Wolff*, 418 U.S. at 563-67.  There is no question here that Petitioner received all of these procedural protections.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED. The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

---

[3]"Some evidence" has been construed to mean "any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent*, 472 U.S. at 455-56.

28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 15th day of June, 2015.

_____
UNITED STATES MAGISTRATE JUDGE